UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CHUNG LEE,<br><br>                Plaintiff,<br><br>v.<br><br>MERRICK GARLAND, Attorney General, U.S. Department of Justice; et al.,<br><br>                Defendants. | Case No.: 22-CV-176 TWR (AHG)<br><br>**ORDER (1) GRANTING UNOPPOSED MOTION TO DISMISS, AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>(ECF No. 9) |

      Presently before the Court is the Motion to Dismiss ("Mot.," ECF No. 9) Plaintiff Kelly Chung Lee's Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by Defendants Merrick Garland, Attorney General, U.S. Department of Justice ("DOJ"); Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security ("DHS"); Ur Mendoza Jaddou, Director, U.S. Citizenship & Immigration Services ("USCIS"); and Madeline Kristoff, Director, San Diego Field Office, USCIS.  Plaintiff did not file an opposition to the Motion, (*see generally* Docket); however, Defendants filed a Reply (ECF No. 10).  The Court vacated the hearing and took the Motion under submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1).  (*See* ECF No. 11.)  Plaintiff's "failure timely to file an opposition to [Defendant's] motion may be construed as consent to the granting of the motion pursuant

to Civil Local Rule 7.1(f)(3)(c)" and Section III.A.2 of the undersigned's Standing Order for Civil Cases. Even reviewing the Motion and Plaintiff's Complaint ("Compl.," ECF No. 1) on the merits, however, the Court **GRANTS** the Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

## BACKGROUND

On February 7, 2022, Plaintiff Kelly Chung Lee filed a Complaint against Defendants pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, *et seq*. (*See generally* Compl.)

Plaintiff is a citizen and national of South Korea and has been a lawful permanent resident of the United States since her admission on November 20, 1981. (*See* Compl. ¶ 2, 14–15.) Pursuant to the Immigration and Nationality Act ("INA"), Plaintiff filed her Application for Naturalization ("N-400 Application") with USCIS on February 19, 2020. (*See id.* ¶¶ 1–2, 16.) After filing, Plaintiff contacted USCIS numerous times to inquire about the status of her N-400 Application and was informed that her case remained under review. (*See id.* ¶ 17.)

At the time the Complaint was filed, USCIS had not yet scheduled Plaintiff for an interview regarding her N-400 Application. (*See id.* ¶¶ 2, 17.) At that same time—when Plaintiff's N-400 Application had been pending for more than twenty-three months, (*see id.* ¶¶ 17–18)—the USCIS website also indicated that the processing period for applications for naturalization fell between 10.5 and 15.5 months. (*See id.* ¶ 18.) Thus, the Complaint asked this Court to order Defendants to adjudicate Plaintiff's application for naturalization within sixty days or a reasonable time and to retain jurisdiction during Plaintiff's application process. (*See id.* ¶¶ 27–28.)

After Plaintiff filed her Complaint, Defendants sent her a USCIS Interview Notice dated May 10, 2022 (the "Notice"). (*See* ECF No. 9-1 ("Ex. A").) The Notice indicated that the USCIS San Diego Field Office had scheduled Plaintiff for an interview on July 6, 2022, to address her N-400 Application and I-485 Application. (*See id.*) The Notice also

///

stated that "[a]dditional information is needed to complete [Plaintiff's] Form N-400 application." (*Id.*)

On July 5, 2022, Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (*See generally* Mot.) The Court set the Motion for a hearing on September 29, 2022. Pursuant to the undersigned's Standing Order for Civil Cases, Plaintiff was required to file an opposition on or before September 8, 2022. *See* Standing Order for Civil Cases § III.B.2 ("[A]ny opposition (or statement or [*sic*] non-opposition) must be filed and served no later than <u>twenty-eight (28) days</u> prior to the noticed hearing date."). Plaintiff has not done so. (*See generally* Docket.)

## LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Because federal courts are courts of limited jurisdiction, they are presumed to lack jurisdiction unless the contrary affirmatively appears. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stevedoring Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992), *as amended* (Apr. 20, 1992). Consequently, the plaintiff bears the burden of establishing subject matter jurisdiction. *See, e.g., Hexom v. Or. Dept. of Transp.*, 177 F.3d 1134, 1135 (9th Cir. 1999).

A Rule 12(b)(1) motion can challenge the court's subject matter jurisdiction on either facial or factual grounds. *See White*, 227 F.2d at 1242; *see also Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). A facial challenge accepts the truth of the plaintiff's allegations but asserts that they are insufficient to establish jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014); *Safe Air for Everyone*, 373 F.3d at 1039. In contrast, a factual challenge disputes the truth of the plaintiff's allegations but accepts that, if true, such allegations would establish jurisdiction. *See White*, 227 F.2d at 1242; *Safe Air for Everyone*, 373 F.3d at 1039.

When the defendant brings a facial challenge, the court must accept the plaintiff's allegations as true and draw all reasonable inferences in the plaintiff's favor. *See White*, 227 F.2d at 1242; *Safe Air for Everyone*, 373 F.3d at 1039.  When the defendant brings a factual challenge, however, the court may consider evidence outside the pleadings, including affidavits or other evidence properly before the court. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Leite*, 749 F.3d at 1121.  There is one limitation: the court may not resolve a material factual dispute if subject matter jurisdiction is intertwined with the merits of the plaintiff's claim. *See Safe Air for Everyone*, 373 F.3d at 1039–40.

## ANALYSIS

Plaintiff invokes this Court's jurisdiction under both the Mandamus Act, 28 U.S.C. § 1361, and the APA, 5 U.S.C. §§ 701, *et seq*.  (*See* Compl. ¶ 1.)  Defendants contest the Court's jurisdiction under either statute.  (*See generally* Mot.)  The Court therefore addresses each in turn.

### I.  Mandamus

Plaintiff first asserts jurisdiction under the Mandamus Act, (*see* Compl. ¶ 1), which provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  Mandamus relief is an extraordinary remedy and can only be utilized to compel a federal official to perform a duty if "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (quoting *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997)).

Defendants assert that Plaintiff cannot meet the requirements for mandamus jurisdiction because Plaintiff does not have a clear and certain claim and Defendants did not violate a plainly nondiscretionary or ministerial duty. (*See* Mot. at 5.)  A claim is "clear and certain" if the plaintiff has a legal entitlement to the relief sought, *see Lowry v.*

*Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003), and a duty is nondiscretionary or ministerial if "the duty in a particular situation is so plainly prescribed as to be free from doubt and equivalent to a positive command," *see Wilbur v. United States ex rel. Kadrie*, 281 U.S. 206, 218–19 (1930). The INA vests the United States with a duty to investigate and decide all applications for naturalization. *See* 8 U.S.C. § 1446(a) (directing that the United States "shall conduct a personal investigation of the person applying for naturalization"); 8 U.S.C. § 1446(d) (directing that the United States "shall make a determination as to whether the application shall be granted or denied"). The ultimate decision whether to approve or deny a naturalization application, however, is clearly discretionary. *C.f., Dong v. Chertoff*, 513 F. Supp. 2d 1158, 1165 (N.D. Cal. 2007) (finding the same for applications for adjustment of immigration status).

While USCIS has a non-discretionary duty to render decisions on applications for naturalization, the pace at which it examines these applications is discretionary. The INA requires USCIS to decide on naturalization applications within 120 days of completing an examination. *See* 8 U.S.C. 1447(b). Yet, no statute or regulation establishes any time limitation for the examination period, and Plaintiff's examination process is ongoing. (*See* Compl. ¶ 2 (asserting that Plaintiff has not yet received an examination); Ex. A (indicating that Plaintiff's naturalization application is not yet complete).)

The APA restricts USCIS's discretion, however, by requiring all administrative agencies to conclude matters presented to them within a "reasonable time." 5 U.S.C. § 555(b). Courts are typically deferential to agencies when evaluating such inaction, as agencies must balance administrative efficiency with a "legitimate need to set policy through the allocation of scarce budgetary and enforcement resources." *Heckler v. Chaney*, 470 U.S. 821, 855 (1985) (Marshall, J., concurring). Only in the case of an extreme delay has this Circuit determined that agency inaction constituted a violation of a nondiscretionary duty. *See e.g., Patel*, 134 F.3d at 933 (determining that an eight-year delay in the adjudication of a Visa petition constituted a failure to act in accordance with a duty under the Mandamus Act).

At the time this Complaint was filed, Plaintiff's N-400 Application had been pending for less than two years. (*See* Compl. ¶¶ 1–2, 16–18.) Further, the USCIS Interview Notice demonstrates that Defendants are actively investigating and adjudicating Plaintiff's N-400 Application. (*See* Ex. A.) Finally, Defendants require further information from Plaintiff before they can consider her N-400 Application complete. (*See id.*) Consequently, Plaintiff has not asserted a clear and certain claim that she has been denied a legal entitlement nor has she alleged a violation of a nondiscretionary duty. Accordingly, Plaintiff has failed to demonstrate that the Court has subject-matter jurisdiction under the Mandamus Act.

## II.     Administrative Procedure Act

Plaintiff also asserts jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555, 701, *et seq.* (*See* Compl. ¶ 4.) The APA alone, however, does not provide federal district courts with subject-matter jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 107 (1977); *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998). Nonetheless, 28 U.S.C. § 1331 confers federal subject matter jurisdiction for "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Because the APA is a federal statute, "if review is proper under the APA, [there is] jurisdiction under 28 U.S.C. § 1331." *See, e.g., Bowen v. Massachusetts*, 487 U.S. 879, 891 n. 16 (1988); *Perez v. Wolf*, 943 F.3d 853, 860 (9th Cir. 2019).

Review is proper under the APA when an individual is "adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. Furthermore, the APA provides courts with jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); *see also Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 62 (2004) ("[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*.") (emphasis in original). There is a basic presumption in favor of review of final agency action. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. ___, 140 S. Ct. 1891, 1905 (2020); *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 140

(1967), *abrogated by Califano v. Sanders*, 430 U.S. 99 (1977).  This presumption can be overcome in two narrow instances: (1) when a statute precludes review, and (2) when agency action is committed to agency discretion by law.  5 U.S.C. § 701(a); *see also Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 719 (9th Cir. 2011).

No statute precludes review of the type of claim brought by Plaintiff.  The INA explicitly provides for district court review of naturalization applications in two scenarios: (1) when no decision is reached within 120 days of an examination, 8 U.S.C. § 1447(b), and (2) when an application is denied after a hearing before an immigration officer, 8 U.S.C. § 1421(c).  Plaintiff seeks review of USCIS's failure to conduct its examination process in a timely fashion. (Compl. ¶ 2.)  Although the INA does not explicitly provide for review of this type of claim, "[t]he mere fact that some acts are made reviewable should not suffice to support an implication of exclusion as to others." *Abbott Lab'ys*, 387 U.S. at 141 (quoting Jaffe, Judicial Control of Administrative Action 357 (1965)); *see also Rusk v. Cort*, 369 U.S. 367, 379–80 (1962) ("[T]he Court will not hold that the broadly remedial provisions of the Administrative Procedure Act are unavailable . . . in the absence of clear and convincing evidence that Congress so intended."), *abrogated by Califano v. Sanders*, 430 U.S. 99 (1977).  Thus, jurisdiction is not explicitly precluded by any statute.

However, this Court does not have jurisdiction to review APA claims when an agency action is committed by law to the agency's discretion.  An action is committed to agency discretion by law "if the statute in question is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion."  *See Heckler,* 470 U.S. at 830.  Here, neither of the relevant statutes (8 U.S.C. §1446 and §1447) nor any USCIS regulations provide a time limitation for completing examinations of naturalization applications.  Although the USCIS website provides an estimated processing time for naturalization applications, (*see* Compl. ¶ 18), this alone does not establish a meaningful standard against which to judge the agency's discretion. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 868 (9th Cir. 2003) (looking to statutes, regulations, established agency policy, and judicial decisions for a meaningful standard); *see also I.N.S. v. Yueh-*

*Shaio Yang*, 519 U.S. 26, 32 (1996) (defining established agency policy as a "rule" or "settled course of adjudication" by which an agency's "exercise of discretion will be governed").

Because there is no standard against which this Court can measure whether the agency has acted "within a reasonable time" or has "unreasonably delayed," *see* 5 U.S.C. §§ 555(b), 706(1), the Court does not have subject-matter jurisdiction to review Plaintiff's claim under the APA.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 9) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1). Plaintiff **MAY FILE** an amended complaint curing the deficiencies identified in this Order within twenty-eight (28) days of the electronic docketing of this Order. *Should Plaintiff fail timely to file an amended complaint, this action will be dismissed without prejudice without further Order of the Court.*

**IT IS SO ORDERED.**

Dated: October 25, 2022

_____
Honorable Todd W. Robinson
United States District Judge

22-CV-176 TWR (AHG)